IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLIVER SIMS, | ) |
| Plaintiff, | ) |
| v. | ) No. 15 C 1094 |
| COOK COUNTY, et al, | ) Judge Virginia M. Kendall |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Oliver Sims ruptured his Achilles tendon while housed in the Cook County Department of Corrections ("CCDOC"). He filed a two-count complaint against Defendants Cook County, Officer Pelez, Office Murkle, Officer John Doe 1, and John Doe for relief under 42 U.S.C. § 1983 for failing to provide him medical attention and refusing to give him a wheelchair or crutches. In Count Two of the Complaint, Sims contends that Cook County's pattern of denying detainees medical devices to assist with transportation to medical treatment constituted deliberate indifference in violation of his Eighth Amendment rights. Cook County moves to dismiss the Count Two for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) because Sims alleges insufficient facts to create *Monell* liability. For the following reasons, the Court grants Cook County's motion to dismiss Count Two without prejudice. (Dkt. No. 33.)

## BACKGROUND

On October 13, 2014, while incarcerated in the CCDOC Sims injured his leg during the recreational period. (Dkt. No. 23 at ¶12.) Officer John Doe 1 denied Sims's request for a

1

wheelchair or crutches. *Id.* at ¶15. Officer John Doe 1 told Sims that he needed a prescription and that if he could not walk to the infirmary he would have to wait until the following day to see a doctor. *Id.* at ¶¶15, 17. Sims was unable to walk unassisted to the infirmary. *Id.* at ¶18. Office John Doe 1 ordered Sims to walk back to his living unit unassisted and without medical treatment. *Id.* at ¶19.

On October 14, 2014, Sims went to the Division 10 Dispensary and Nurse Jane Doe examined him. *Id.* at ¶20. She told Sims that his Achilles tendon was "probably just sprained" and sent him to the Cermak Emergency Room to see a doctor. *Id.* at ¶21. Nurse Jane Doe denied him a wheelchair and crutches because he did not have a prescription, and she refused to contact a doctor to request a prescription. *Id.* at ¶¶23, 25-26. Officer Pelez, the officer assigned to escort inmates to Cermak, also refused to grant Sims's request for crutches or a wheelchair and forced Sims to walk to the Cermak Emergency Room. *Id.* at ¶¶27-29, 31. A doctor then examined Sims, diagnosed him with a sprained Achilles tendon, and told him that he would heal in a few weeks. *Id.* at ¶¶33, 34.

On October 31, 2014, Sims visited the Division 10 Dispensary due to pain in his Achilles tendon. *Id.* at ¶35. Physician Assistant Barbara Davis diagnosed Sims with a ruptured Achilles tendon and scheduled him for surgery to repair the tear. *Id.* at ¶35. Davis gave him a prescription for crutches for twelve weeks. *Id.* at ¶36. On November 6, 2014, Officer Murkle confiscated Sims's crutches because Sims was not on the list of inmates permitted to have crutches. *Id.* at ¶37. Officer Murkle refused to contact the Dispensary to verify Sims's prescription. *Id.* at ¶39. That day, Sims submitted a Health Service Request Form asking to be put on the list of inmates permitted crutches and to see a doctor. *Id.* at ¶40, Ex. B. John Doe 2 verified Sims's prescription for crutches. *Id.* at ¶41, Ex. B. Officer Murkle still did not return

the crutches to Sims. *Id.* at ¶42. On November 10, 2014, Sims submitted a second Health Service Request Form stating that the crutches had not been returned and that he needed them. *Id.* at ¶42, Ex. C. Sims was without crutches from November 6 to November 19, 2014. *Id.* at ¶46. Sims had surgery to repair his ruptured Achilles tendon on November 19, 2014. *Id.* at ¶47.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. To survive a 12(b)(6) motion, the complaint must provide enough factual information to state a claim for relief that is plausible on its face and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the 12(b)(6) stage, all of the "factual allegations contained in the complaint" must be "accepted as true." *Twombly*, 550 U.S. at 572. Furthermore, well-pled facts are viewed in the light most favorable to the plaintiff. *See Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). But "legal conclusions and conclusory allegations merely reciting the elements of a claim are not entitled to this presumption of truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011).

## DISCUSSION

Count Two of the Complaint seeks to hold Cook County liable under Section 1983 for deliberate indifference to Sims's medical needs. It claims that Cook County has a pattern of denying inmates the use of medical devices to assist with transportation to medical treatment that constituted deliberate indifference to Sims's medical needs and violated his Eighth Amendment rights. Cook County argues that the Court should dismiss Count Two because alleging a single

3

incident of constitutional deprivation is insufficient to establish a policy, custom, or practice, which is required to properly plead *Monell* liability. Sims contends that the Complaint survives a 12(b)(6) challenge because it alleges facts supporting a municipal policy and showing that policy caused his constitutional deprivation.

A municipality cannot be liable under Section 1983 unless "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 691 (1977). To properly allege that a municipal policy violated an individual's constitutional rights under Section 1983, a plaintiff must allege that (1) the municipality has an express policy that, when enforced, causes a constitutional deprivation; (2) the municipality has a widespread practice that, although not authorized by written law or express policy, is so permanent and well settled as to constitute a custom or usage within the force or law; or (3) the plaintiff's constitutional injury was caused by a person with final policymaking authority. *See McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000); *McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995). To establish a municipal "custom" under the second option, "the plaintiff must show a 'widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.'" *Montano v. City of Chi.*, 535 F.3d 558, 570 (7th Cir. 2008) (quoting *Gable v. City of Chi.*, 296 F.3d 531, 537 (7th Cir. 2002)). Additionally, to state a claim for municipal liability under *Monell*, a plaintiff must allege "than an official policy or custom not only caused the constitutional violation, but was the moving force behind it." *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (quotation omitted); *see also Thomas v. Cook County Sherriff's Dep't*, 604 F.3d 293, 306 (7th Cir. 2009)

("the premise behind a §1983 action against a governmental body is the allegation that official policy is responsible for the deprivation of rights") (quotation omitted).

Viewing its allegations in the light most favorable to Sims, the Complaint does not plausibly seek to hold Cook County liable for an express policy[1] nor does it plausibly allege that Sims's injury was caused by a person with final policymaking authority. *See McCormick*, 230 F.3d at 324. Therefore, the only way for Sims to assert a Section 1983 claim against Cook County is through the second option: a widespread practice that creates a "custom." *See id.* The Complaint alleges that Cook County has a widespread pattern of denying inmates medical devices to assist with transportation—such as crutches and wheelchair—to a medical professional. It asserts that this pattern amounts to deliberate indifference. Under the "custom" form of *Monell* liability, a plaintiff must allege "more than one instance, or even three" incidents of the alleged constitutional violation in order to prove a custom exists. *Thomas*, 604 F.3d at 303 (citation omitted); *see also Gable,* 296 F.3d at 538 ("three incidents were too few to indicate that the City had a widespread custom of which policymakers had reason to be aware"). The Complaint alleges that three officials at CCDOC denied Sims crutches three separate times pursuant to the alleged custom, which is insufficient to plead that a custom existed. *See id.* Interpreting each denial of crutches as separate and distinct incidents, Sims's Section 1983 claim against Cook County fails to survive a motion to dismiss because three incidents are not enough to constitute a custom and therefore Cook County cannot be held liable for a Section 1983 claim. *See id.*; *see, e.g., Henderson v. City of Chi.*, Case No. 14 C 1164, 2015 WL 1954464 at *2

---

[1] The Complaint alleges that Officer John Doe 1, Nurse Jane Doe, and Officer Pelez's individual "denial[s] of crutches or a wheelchair without a prescription was part of a pattern or practice by Cook County that constituted a violation of Mr. Sims' constitutional rights." (Dkt. No. 23 at ¶¶16, 24, 30.) Under Count Two, the Complaint claims that Cook County is liable for the "pattern of denying inmates the use of medical devices to assist with transportation to a medical professional[.]" *Id.* at ¶54. There is no plausible way to interpret these allegations as asserting that Cook County has an express policy of denying inmates crutches, wheelchairs, and other medical devices that assist in transportation to medical treatment.

(N.D.Ill. Apr. 29, 2015) (three allegedly unconstitutional incidents found insufficient to create *Monell* liability). Accordingly, the Court grants Cook County's motion to dismiss Count Two without prejudice.

## **CONCLUSION**

For the reasons stated herein, the Court grants Cook County's motion to dismiss Count Two without prejudice. (Dkt. No. 33.)

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 4/8/2016